IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Hope Blackley, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 7:19cv1904-HMH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Spartanburg County, Terry O. Booker, ) | |
| Jeff Horton, David Britt, Katherine O'Neil, ) | |
| Mike Emory, Bob Walker, John N. ) | |
| McNamara, JMAC Environmental, LLC, ) | |
| and Asbestos Abatement Associates, Inc., ) | |
| d/b/a AAA Environmental, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendants Spartanburg County, Terry Booker, Jeff Horton, David Britt, Katherine O'Neil, Mike Emory, and Bob Walker's ("County Defendants" or referenced individually by surnames) motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the court grants County Defendants' motion for summary judgment in part, denies in part, and remands the remaining claims to the Court of Common Pleas of Spartanburg County, South Carolina.

### I. Factual and Procedural History

This case arises out of Blackley's exposure to mold at the Spartanburg County, South Carolina Courthouse. (Compl. ¶ 14, ECF No. 1-1.) Blackley served as the Spartanburg County Clerk of Court from 2010 until January 2019. (Id. ¶ 13, ECF No. 1-1.) In this role, Blackley was charged with operating, supervising, and managing the clerk's office. (Id., ECF No. 1-1). In 2010, Blackley became aware of water intrusion issues and mold in the courthouse. (Defs.

1

Am. Mem. Supp. Mot. Summ. J. 4, ECF No. 88; Resp. Opp'n Mot. Summ. J. 2, ECF No. 100.) During Blackley's tenure, multiple, allegedly unsuccessful, mold remediations were performed. (Id. ¶ 15, ECF No. 1-1.) Blackley claims the mold exposure has negatively impacted her health, emotional well being, cognitive abilities, and enjoyment of life. (Compl. ¶ 17, ECF No. 1-1.)

On June 7, 2019, Blackley filed the instant case in the Court of Common Pleas of Spartanburg County, South Carolina, alleging claims for negligence against Spartanburg County pursuant to the South Carolina Tort Claims Act (SCTCA), S.C. Code Ann § 15-78-10 *et seq.*, violations of Blackley's constitutionally protected rights under 42 U.S.C. § 1983 against County Defendants, and defamation against Defendant Walker based on statements made at a political meeting. (Complaint, ECF No. 1-1.) County Defendants removed the case to this court based on federal question jurisdiction on July 3, 2019. (Not. Removal, ECF No. 1.) County Defendants filed a motion for summary judgment on August 21, 2020 (Defs. Mot. Summ. J., ECF No. 82) and filed an amended memorandum in support of the motion on September 1, 2020. (Defs. Am. Mem. Supp. Mot. Summ. J., ECF No. 88.) After receiving an extension, Blackley filed a response in opposition on September 15, 2020. (Resp. Opp'n Mot. Summ. J., ECF No. 100.) County Defendants replied on September 22, 2020. (Reply Resp. Mot. Summ. J., ECF No. 104.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the

non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

**B. Section 1983 Claims**

County Defendants argue they are entitled to summary judgment on the § 1983 claims because Blackley has failed to establish that County Defendants violated her substantive due process rights.  The court agrees, albeit for different reasons than those argued by County Defendants.  Applying Collins v. City of Harker Heights, Tex., 503 U.S. 115 (1992), and Waybright v. Frederick Cty., MD, 528 F.3d 199 (4th Cir. 2008), the court finds Blackley's claim is essentially a state-law tort claim and thus there is a presumption that it should be dismissed.  To overcome this presumption, Blackley must show "governmental conduct so

3

'arbitrary' and 'egregious' that it 'shocks the conscience.'" Waybright, 528 F.3d at 205 (quoting Cty. of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998)).  For County Defendants' conduct to be "conscience shocking" in this case, they must have intended to injure Blackley. After review and for the reasons set forth below, there is no genuine dispute that County Defendants did not intend to injure Blackley.  Therefore, County Defendants are entitled to judgment as a matter of law with respect to Blackley's § 1983 claims.

### 1. Basis for § 1983 Claims

Section 1983 imposes liability on state actors who cause the "deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C. § 1983.  Blackley claims County Defendants "failed to protect the plaintiff from the violation of her substantive and procedural rights" depriving her of "both liberty and property without due process of law, in violation of the 14th [A]mendment."[1]  (Compl., generally, ECF No. 1-1.)  Based on a thorough review, Blackley's claims appear to be substantive due process[2] claims based on her right to bodily integrity.  See Doe v. Rosa, 795 F.3d 429, 436–37 (4th Cir. 2015) ("Under established precedent, these constitutional rights include a Fourteenth Amendment substantive due process right against state actor conduct that deprives an individual of bodily integrity."); see also J.S.

---

[1] Blackley also refers to the claims as "§1983 liberty interest claim[s]."  (Resp. Opp'n Mot. Summ. J. 14, ECF No. 100.)

[2] "While procedural due process simply guarantees fair procedures–typically notice and opportunity to be heard, when constitutional interests are implicated, Mora v. City of Gaithersburg, 519 F.3d 216, 230 (4th Cir. 2008), substantive due process protections guard against 'state action so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies.' Rucker v. Harford Cty., 946 F.2d 278, 281 (4th Cir. 1991)."  J.S. ex rel. Simpson v. Thorsen, 766 F. Supp. 2d 695, 704 (E.D. Va. 2011).

ex rel. Simpson v. Thorsen, 766 F. Supp. 2d 695, 703-04 (E.D. Va. 2011) (noting a claim alleging that defendants deprived a plaintiff of his "liberty interest in bodily integrity" was a substantive due process claim in a mold exposure case).

"When a § 1983 claim is asserted against a municipality, two issues must be determined: '(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city [or county] is responsible for that violation.'" Covenant Media of S.C., L.L.C. v. City of N. Charleston, 493 F.3d 421, 436 (4th Cir. 2007) (quoting Collins v. City of Harker Heights, Tex., 503 U.S. 115, 120 (1992). If there are "no underlying constitutional violations by any individual, there can be no municipal liability." Grayson v. Peed, 195 F.3d 692, 697 (4th Cir. 1999). "If the Court determines that there has been an underlying constitutional violation [by an individual], it must then proceed to step two in the analysis—determining whether the municipality is liable for that violation." J.S. ex rel. Simpson, 766 F. Supp. 2d at 703. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Thus, a municipality's liability "arises only where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom." Walker v. Prince George's Cty., MD, 575 F.3d 426, 431 (4th Cir. 2009) (internal quotation marks and citation omitted).

Blackley's allegations against Spartanburg County and the six individual County Defendants are identical. (See Compl., generally, ECF No. 1-1.) Blackley alleges that County Defendants were required to protect her due process rights and failed to do so. (Id. ¶¶ 26, 27,

5

34, 35, 42, 43, 50, 51, 58, 59, 66, 67, 74, 75, ECF No. 1-1; Resp. Opp'n Mot. Summ. J. 14, ECF No. 100.)  Specifically, Blackley alleges that County Defendants deprived Blackley of her right to bodily integrity by: (1) "failing to warn the plaintiff of the risks posed by exposure to the mold in question, after notice to him of the existence and recurrence of the mold, as well as of the danger the mold posed;" (2) "failing to provide adequate protective gear to the plaintiff so as to prevent her exposure to the mold in question;" (3) "failing to close the Courthouse or to close portions of it during mold remediations;" (4) "failing to remove the plaintiff from the environment that was mold contaminated and therefore dangerous to her;" (5) "minimizing and trivializing the danger posed by the mold;" (6) "failing to authorize appropriate testing of personnel and the environment to evaluate levels of mold exposure;" and (7) "failing to obtain competent remediation."  (Compl. ¶¶ 28, 36, 44, 52, 60, 68, 76, ECF No. 1-1.)  As a result, Blackley claims County Defendants "acted with conscious indifference for her rights" and "deprived [her] of both liberty and property without due process."  (Resp. Opp'n Mot. Summ. J. 14, ECF No. 100; Compl. ¶¶ 29, 37, 45, 53, 61, 69, 77, ECF No. 1-1.)

### 2. Section 1983 Claims Against Individual County Defendants

Blackley's § 1983 claims against the individual County Defendants[3] are the "gateway" to her § 1983 claim against Spartanburg County.  Waybright v. Frederick Cty., MD, 528 F.3d 199, 203 (4th Cir. 2008).  If the allegations against the individual County Defendants survive scrutiny, the court will then address the claim against Spartanburg County.  Id. at 204.

"The Fourteenth Amendment's Due Process Clause protects a set of interests—life,

---

[3] Defendants Booker, O'Neil, and Emory are Spartanburg County employees.  (Compl. ¶¶ 3, 6, 7, ECF No. 1-1.)  Defendants Horton, Britt, and Walker served as members of the Spartanburg County Council.  (Id. ¶¶ 4, 5, 8, ECF No. 1-1.)

6

liberty, and property—that are also protected by state tort law. Together with § 1983, then, there is some risk of the Clause supplanting state tort law in almost any suit alleging that a local official has caused harm." Waybright, 528 F.3d at 204; see Collins, 503 U.S. at 128 (holding the Due Process Clause should not be "interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law."). "The Supreme Court has therefore taken a cautious approach to such claims. In distinguishing between actions that rise to the level of a constitutional injury and those that are more akin to a state tort action, the Supreme Court stated that the Clause, at its core, 'combats arbitrary action of government.'" J.S. ex rel. Simpson, 766 F. Supp. 2d at 705 (quoting Cty. of Sacramento v. Lewis, 523 U.S. 833, 854 (1998) (internal quotations omitted)).

The Fourth Circuit has identified two principles from the Supreme Court's limitation on the reach of the Due Process Clause. Waybright, 528 F.3d at 204. First, because a valid due process claim "[i]nvolves a certain sense of constitutional magnitude[,] . . . applying the Clause to the ordinary run of governmental neglect, inaction, and bad policy would diminish it." Id., at 204 (citing Lewis, 523 U.S. at 846). Thus, "'only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" Id. (quoting Lewis, 523 U.S. at 846). Second, extending the Due Process Clause necessarily implicates a "concern for the authority of state governments over areas traditionally assigned to state law." Id. at 205. "[D]ecisions about how to allocate resources in state government 'involve a host of policy choices that must be made by locally elected representatives, rather than by federal judges interpreting the basic charter of Government for the entire country.'" Id. (quoting Collins, 503 U.S. at 129).

In light of these principles, the Fourth Circuit has held conduct that is "wrong enough to

register on a due process scale" is conduct that "'shocks the conscience,' and nothing less." Id. at 204 (quoting Lewis, 523 U.S. at 846). Further, there is a "strong presumption that § 1983 due process claims which overlap state tort law should be rejected and the case, if diversity is lacking, sent to state court." Waybright, 528 F.3d at 205. The presumption can only be "overcome by showing governmental conduct so 'arbitrary' and 'egregious' that it 'shocks the conscience,' usually because a state actor intended harm without justification." Id. (quoting Lewis, 523 U.S. at 845-46).

Blackley's § 1983 due process claims clearly overlap state tort law and thus there is a presumption against them.[4] See id. at 204; see also J.S. ex rel. Simpson, 766 F. Supp. 2d at 704, 711 (finding a presumption against substantive due process claims in a mold exposure case with allegations factually similar to the allegations in the instant case).

### a. Degree of Fault

In turn, the court must determine whether Blackley has overcome the presumption against her § 1983 claims by raising a genuine issue of material fact that the individual County Defendants' conduct shocks the conscience. "Determining whether conduct shocks the conscience turns on the degree of fault on the part of the actor imposing the harm." J.S. ex rel. Simpson, 766 F. Supp. 2d at 705 (citing Waybright, 528 F.3d at 205). The Fourth Circuit has classified fault into three broad categories: negligent conduct, intentional conduct, and conduct that falls within the middle range of culpability, in between negligent and intentional conduct.

---

[4] In fact, Blackley's § 1983 claims mirror her negligence claim, which is based on allegations that County Defendants failed to protect her from the danger of the mold, failed to remediate the mold, and failed to warn her of the danger posed by the mold. (Compl. ¶ 22, ECF No. 1-1.)

8

Waybright, 528 F.3d at 205. "[T]he general rule is that the action must have been 'intended to injure in some way unjustifiable by any government interest.'" Id. (quoting Lewis 523 U.S. at 849). "'[N]egligently inflicted harm' . . . is 'categorically beneath the threshold of constitutional due process.'" Id. Conduct in between negligent and intentional conduct, "may have constitutional implications, but only in special circumstances." Id. (citing Lewis 523 U.S. at 849).

### (i) Negligence and Intentional Conduct

Because the Fourth Circuit has made it clear that negligently inflicted harm does not rise to the level of a constitutional due process violation, the court need not address any claims that could be classified as negligence. J.S. ex rel. Simpson, 766 F. Supp. 2d at 706. Further, the court finds Blackley has failed to allege, or provide any evidence, that the individual County Defendants' conduct "intended to injure in some way unjustifiable by any government interest." Waybright, 528 F.3d at 205 (quoting Lewis, 523 U.S. at 849). Blackley claims that the acts and omissions alleged in her complaint were done with "conscious indifference for her rights." (Resp. Opp'n Mot. Summ. J. 14, ECF No. 100). At most, Blackley alleges the individual County Defendants intentionally misled her with respect to the mold conditions in the courthouse. These allegations do not suggest "intentional conduct that *intended to injure*." J.S. ex rel. Simpson, 766 F. Supp. 2d at 706 (emphasis in original) (finding allegations in a complaint that officials (1) knowingly performed pre-sampling cleaning to mask moisture and mold conditions despite knowledge people were suffering adverse health effects from the mold and moisture, (2) performed mold investigation without proper training, (3) engaged in improper mold remediation, (4) concealed from the plaintiff the harmful conditions of the

building, and (5) delayed the mold sampling, did not "plausibility allege intentional conduct *intended to injure*").

### (ii) Special Circumstances

Because Blackley does not allege the individual County Defendants intended to injure her, her only option is to argue that this case presents special circumstances in which culpability in the middle range "should shock the conscience to such an extent that a federal cause of action lies." Waybright, 528 F.3d at 206. Though there is no general rule as to what special circumstances are, the Supreme Court has directed the courts to "proceed with self-restraint and utmost care, and make an exact analysis of the circumstances presented before any abuse of power is condemned as conscience shocking." Id. at 205 (internal quotation marks and citations omitted). Blackley does not argue any special circumstances exist that warrant lowering the degree of culpability required to shock the conscience.

Blackley, however, without providing evidence, alleges the individual County Defendants acted with "conscious indifference." (Resp. Opp'n Mot. Summ. J. 14, ECF No. 100). The court notes "deliberate indifference" is a lower degree of culpability in the middle range that under certain circumstances may shock the conscience. See Lewis, 523 U.S. at 849-50. For example, the "government's *deliberate indifference* to the care of persons in its custody can shock the conscience for purposes of finding a substantive due process violation." Slaughter v. Mayor & City Council of Baltimore, 682 F.3d 317, 321 (4th Cir. 2012) (emphasis in original) (citing Lewis, 523 U.S. at 849-50). However, the Supreme Court and Fourth Circuit have made it clear that an employment relationship with the government is not a custodial relationship. See id. (citing Collins, 503 U.S. at 1061). Thus, this lower degree of culpability

does not apply to Blackley merely because of her employment relationship with Spartanburg County. Based on the foregoing, the court finds that no special circumstances exist to lower the degree of culpability required to shock the conscience.[5] See Waybright, 528 F.3d at 206-08; J.S. ex rel. Simpson, 766 F. Supp. 2d at 707-12.

### (iii) Factual Allegations Generally

In addition to her failure to allege intent under the general rule, or to argue that special circumstances exist, it is clear from Collins and Waybright that Blackley's factual allegations are not arbitrary or conscience shocking in the constitutional sense. See Collins, 503 U.S. at 130 (holding "the Due Process Clause does not impose an independent federal obligation upon municipalities to provide certain minimal levels of safety and security in the workplace" and that "failure to train or to warn . . . employees [i]s not arbitrary in a constitutional sense."); Waybright, 528 F.3d at 207 (citing Collins, 503 U.S. 115) ("[D]ue process does not impose a duty on municipalities to provide their employees with a safe workplace or warn them against risks of harm (although state tort law may."); see also J.S. ex rel. Simpson, 766 F. Supp. 2d at 704-12.

### b. Blackley Failed to Establish Conduct that Shocks the Conscience

Blackley's claims fail because they attempt to transform negligence claims into a

---

[5] Though not raised by Blackley, the court also finds special circumstances known as the state-created danger theory do not apply to the factual allegations in this case. See Waybright, 528 F.3d at 207 (citing Collins, 503 U.S. at 115); Fletcher v. Maryland Transit Admin., 741 Fed. App'x 146, 153 (4th Cir. 2018) (unpublished) ("Here, the government defendants did not act affirmatively to create a danger . . . .[T]he cases are clear that allowing continued exposure to an existing danger by failing to intervene is not the equivalent of creating or increasing the risk of that danger." (internal quotation marks and citation omitted)); see also J.S. ex rel. Simpson, 766 F. Supp. 2d at 709-12.

violation of due process, which the Supreme Court and Fourth Circuit foreclosed in Collins and Waybright. Blackley does not allege, and there is no evidence of, intentional conduct "intended to injure" or the existence of "special circumstances" warranting the application of the Due Process Clause to the "middle range" of culpability. Thus, the individual County Defendants' conduct cannot "properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." Collins, 503 U.S. at 128. Based on the foregoing, Blackley has failed to create a genuine issue of material fact. Therefore, the court grants summary judgment with respect to the § 1983 claims against the individual County Defendants.

### 3. Section 1983 Claim Against Spartanburg County

As noted above, if there are "no underlying constitutional violations by any individual, there can be no municipal liability." Grayson v. Peed, 195 F.3d 692, 697 (4th Cir. 1999). Because the court has found that Blackley has not alleged an underlying constitutional violation by an individual, Spartanburg County cannot be held liable on a theory of substantive due process. Therefore, the court grants summary judgment with respect to the § 1983 claims against Spartanburg County.

### B. Remaining Claims Under State Law

County Defendants also seek summary judgment with respect to Blackley's state law causes of action for negligence and defamation. Having granted summary judgment on the federal claims, the court lacks diversity, and after careful consideration, declines to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367; see also Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (noting that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal

claims have been extinguished."). Blackley's claims for negligence against Spartanburg County and defamation against Defendant Walker are remanded to the Court of Common Pleas of Spartanburg County, South Carolina.

Therefore, it is

**ORDERED** that County Defendants' motion for summary judgment, docket number 88, is granted in part and denied in part. The court instructs the Clerk of Court to remand the remaining state law claims against Spartanburg County and Defendant Walker to the Court of Common Pleas of Spartanburg County, South Carolina.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
October 7, 2020